# SEALED
# 24-3010 (L); 24-3115 (CON); 25-85 (CON); 25-193 (CON)

## United States Court of Appeals for the Second Circuit

CHRISTINE LEVINSON, ET AL.,

*Plaintiffs-Appellee,*

– v. –

CITIBANK, N.A.,

*Defendant-Appellee,*

– v. –

KUWAIT FINANCE HOUSE (MALAYSIA) BERHAD,

*Defendant-Intervenor-Appellant.*

On Appeal from the United States District Court for the
Southern District of New York
Case No. 21-cv-04795-LAP

### KUWAIT FINANCE HOUSE (MALAYSIA) BERHAD'S OPPOSITION TO MOTION TO DISMISS APPEALS ███

Eric L. Lewis
LEWIS BAACH KAUFMANN MIDDLEMISS
1050 K Street N.W.
Suite 400
Washington, DC 20001
(202) 833-8900

Steven T. Cottreau
Charlotte H. Taylor
Ariel N. Volpe
Avery R. Phillips
JONES DAY
51 Louisiana Ave, N.W.
Washington, D.C. 20001
(202) 879-3939

*Counsel for Kuwait Finance House (Malaysia) Berhad*

(caption continued on inside cover)

John Moscow
Solomon Shinerock
LEWIS BAACH KAUFMANN
MIDDLEMISS
10 Grand Central
155 East 44th Street
25th Floor
New York, NY 10017
(212) 826-7001

Fahad A. Habib
JONES DAY
555 California Street,
26th Floor
San Francisco, CA 94104-1500
(415) 626-3939

*Counsel for Kuwait Finance House (Malaysia) Berhad*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................. 1

STATEMENT OF THE CASE ............................................. 6

 A. Preliminary Proceedings and First Appeal............................ 6

 B. ██████████████████████████████ ............. 8

 C. ████████████████. ........................................ 10

 D. ██████████████. ........................................... 10

 E. ████████████████████. ......... 11

ARGUMENT............................................................................ 13

I. █████████████ ORDERS ARE APPEALABLE UNDER THE COLLATERAL ORDER DOCTRINE. ................... 13

 A. The Orders Are Conclusive.................................................. 15

 B. The Orders Resolve Important Questions Separate from the Merits. ................................................................. 15

 C. The Orders Are Effectively Unreviewable on Appeal from Final Judgment. ........................................................... 19

II. ████████████████████████████████ ......... 22

III. ████████████████████████████████ ....................... 24

 A. ████████████████████████ .... 24

 B. In the Alternative, the Court Should Grant Leave to File a Petition for Mandamus.................................................. 25

CONCLUSION ...................................................................... 27

CERTIFICATE OF COMPLIANCE ..................................... 29

CERTIFICATE OF SERVICE.............................................. 30

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cohen v. Beneficial Indus. Loan Corp.,*
   337 U.S. 541 (1949) .............................................................. 13

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page(s)**



*Levinson v. Kuwait Finance House (Malaysia) Berhad,*
   44 F.4th 91 (2d Cir. 2022)..................................................... 1, 2, 6, 7, 22

## TABLE OF AUTHORITIES
(continued)

**Page(s)**



# TABLE OF AUTHORITIES
(continued)

**Page(s)**

████████  █████████████████████████████████████
████████████████████████████████████████████████████████

██████████████████████████  ████████████████████████
████████████████████████████████████████████████████████

**STATUTES**

28 U.S.C. § 1610 n.  ........................................................................ 6

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

**REGULATIONS**

████████████████████████████████████████████████

# <u>INTRODUCTION</u>

███████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

This Court has jurisdiction over all four of the consolidated appeals. But now, in an attempt to delay this Court's adjudication of the merits, Plaintiffs move to dismiss two of the appeals. This Court should not countenance their delay tactic.

Since 2021, Plaintiffs have been seeking to make KFH Malaysia liable under the Terrorism Risk Insurance Act ("TRIA") for a judgment they hold against Iran, even though KFH Malaysia has never been sanctioned by the United States or any other government for any ties to Iran. ████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████ This Court has already reversed an order in which the district court granted an *ex parte* writ of execution—a post-judgment remedy—even though there had been "no verdict, no findings,

and no judgment against the party whose assets were seized," KFH

Malaysia.  *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44

F.4th 91, 96, 98 (2d Cir. 2022).  But on remand, ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████  ██████████████████████████

██████████████████████████  ████████████  ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████



████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████

In an attempt to delay and evade this Court's review of those interrelated orders, Plaintiffs previously moved to dismiss KFH Malaysia's appeal ██████████████████████ even though they cannot contest that several elements ████████████████████ ███████████ are appealable. *See* Case No. 24-3010, Dkt. 61 ("Opp. to Mot. to Dismiss"), at 15-27. This motion to dismiss is more of the same. ████████████████████ are appealable on several grounds.

First, █████████████████████ are appealable as collateral orders. They conclusively determine that ████████████████ ████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ Those questions are separate from the merits of this case and are effectively unreviewable later given the irreparable harms inflicted.

Alternatively, the Orders are appealable ████████████ ████ ███████████████████████████ ████████████████████ ██████████ ███████████████████████████████ ████████████████

Finally, the Non-Disclosure Orders are reviewable ████████████ in mandamus. ████████████████████████ ████████████████████████████████████ ██ ███████████████████████████████████████

███████████████     ████████████████████████████████     ████████████████

█ ████████████████████████████████████

If the Court does not immediately deny Plaintiffs' motion to dismiss, KFH Malaysia respectfully requests that the Court refer it to the merits panel ████████████████████████ ██ ████████████████████ and defer ruling until expedited briefing in the consolidated appeals is completed, *see* Case No. 24-3010, Dkts. 58, 61.

## STATEMENT OF THE CASE

### A.    Preliminary Proceedings and First Appeal.

Plaintiffs are family members of a victim of Iranian terrorism holding a default judgment against Iran. ███████████████ Plaintiffs filed a complaint against Citibank under TRIA, seeking turnover of assets in KFH Malaysia's bank account. ████ ████ TRIA allows plaintiffs holding judgments against terrorist parties to attach and execute on "blocked assets" of those parties and their "agenc[ies] [and] instrumentalit[ies]." TRIA § 201(a), 28 U.S.C. § 1610 note.

KFH Malaysia has never been sanctioned, "blocked," or identified as an "agency or instrumentality" of Iran by the U.S. or any government. Plaintiffs instead ██████████████████████████████████████████



█████ Plaintiffs moved for an *ex parte* writ of execution, which the district court granted. ██████

KFH Malaysia appealed, and this Court reversed. *Levinson*, 44 F.4th 91. ██████

██ ██████ The Court then concluded that the district court "committed legal error" by issuing the writ of execution—a post-judgment remedy— when there had been "no judgment" adjudicating KFH Malaysia liable under TRIA. *Id.* at 96.









**E.**





KFH Malaysia appealed.  Ex. 10, Dkts. 304, 307; Case Nos. 25-85, 25-193 (2d Cir.).  All four appeals are consolidated before this Court.

## ARGUMENT

This Court has jurisdiction to review KFH Malaysia's appeal █████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ as collateral orders under 28 U.S.C. § 1291.  Alternatively, they are reviewable as ███████████████████████████████████ ████████████████████ ██████████████ or in mandamus.

**I.     ██████████████████████ ORDERS ARE APPEALABLE UNDER THE COLLATERAL ORDER DOCTRINE.**

██████████████████████████████████████ the collateral order doctrine, which allows for immediate appeal of orders that are conclusive, resolve important questions separate from the merits, and are effectively unreviewable on appeal from a final judgment.  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

-13-

Courts of Appeals have repeatedly confirmed 

And numerous other circuits have agreed.

meet all three criteria of the collateral order doctrine:  They are

conclusive, resolve important questions separate from the merits, and are effectively unreviewable after final judgment.

### A.   The Orders Are Conclusive.



### B.   The Orders Resolve Important Questions Separate from the Merits.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

Those legal questions are "entirely independent of the underlying [TRIA] claim." ██████████████████████ Moreover, those legal questions are unquestionably important. ███████████████████████████

███████████████████████████████████████████████

████████████████████████████ ████ ██████████████

███████████████████████████████████████████████

████████████████████████████ ███████████████████

███████████ ████████████████████████████████████

███████████████████████████████ █████████ ███████

███████████████████████████████████ █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████ █████████████

██████████ ████████████████████████████████

███████████████████

    Plaintiffs' arguments to the contrary miss the mark. First,

Plaintiffs incorrectly assert that ████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████ █

██ ████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███

    ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[1] In any event, Plaintiffs make several misstatements of fact. ██
████████████████████████████████████
████████████████████████████████████
████████████████████████████████





**C.    The Orders Are Effectively Unreviewable on Appeal from Final Judgment.**





---

[3] In addition, on this point Plaintiffs misuse a quotation ████████



**II.**





III.



**B.** **In the Alternative, the Court Should Grant Leave to File a Petition for Mandamus.**

███████████████████████████████████ ██████████████████████████ ████████████

████████████████████████████ Therefore, if this Court concludes that

█████████████████████████ are not otherwise appealable, KFH Malaysia

respectfully requests that the Court treat this appeal as a motion for

leave to file a petition for mandamus. ███████████████████ ████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████

If this Court grants leave to file a petition for mandamus, KFH

Malaysia respectfully requests that it consolidate briefing on the

mandamus petition with briefing on the merits. ██████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████ █████████████

█████████████████████████████████████████████████████████



## CONCLUSION

KFH Malaysia respectfully requests that the Court refer the motion to dismiss to the merits panel and deny Plaintiffs' motion to dismiss. In the alternative, KFH Malaysia respectfully requests that the Court treat its appeal as a motion for leave to file a petition for mandamus and refer consideration of that petition to the merits panel.

Dated: March 5, 2025

Respectfully submitted,

*/s/ Charlotte H. Taylor*

Eric L. Lewis                              Steven T. Cottreau
LEWIS BAACH KAUFMANN          Charlotte H. Taylor
MIDDLEMISS                             Ariel N. Volpe
1050 K Street N.W.                    Avery R. Phillips

Suite 400
Washington, DC 20001
(202) 833-8900

John Moscow
Solomon Shinerock
LEWIS BAACH KAUFMANN
MIDDLEMISS
10 Grand Central
155 East 44th Street
25th Floor
New York, NY 10017
(212) 826-7001

JONES DAY
51 Louisiana Ave, N.W.
Washington, D.C. 20001
(202) 879-3939

Fahad A. Habib
JONES DAY
555 California Street,
26th Floor
San Francisco, CA 94104-1500
(415) 626-3939

*Counsel for Kuwait Finance House (Malaysia) Berhad*

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), it contains 5,188 words, as determined by the word-count function of Microsoft Word 2016.

Dated: March 5, 2025

/s/ *Charlotte H. Taylor*
Charlotte H. Taylor

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 5, 2025, I electronically filed this motion with the Court by e-mailing a PDF to the Court's civil cases e-mail address, and I served a copy of the document on all counsel of record via email.


Dated: March 5, 2025

/s/ *Charlotte H. Taylor*
Charlotte H. Taylor
